UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. _____

| | | |
|---|---|---|
| NICOLE BURGUENO, administrator of the Estate of BRETT BURGUENO, and SHANNON BUTLER, administrator of the Estate of CURTIS BUTLER<br>v.<br>INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, and BLUE RIDGE PAPER PRODUCTS, LLC D/B/A EVERGREEN PACKAGING | * * * * * * * | COMPLAINT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The complaint of Nicole Burgueno, administrator of the Estate of Brett Burgueno, and Shannon Butler, administrator of the Estate of Curtis Butler ("Plaintiffs"), respectfully represents the following:

1.

This action is brought pursuant to the Wrongful Death Act, N.C.G.S. § 28A–18– 1, et seq., for the death of the decedent Brett Burgueno by Nicole Burgueno ("Burgueno"), administrator and personal representative of the estate of the decedent Burgueno on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2, and for the death of the decedent Curtis Butler ("Butler") by Shannon Butler, administrator and personal representative of the estate of the decedent Butler, on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2.

1

2.

This action contemplates that recovery is not limited to the causes of action and available damages under the North Carolina Wrongful Death Act and to the extent plaintiffs reference or reflect outlying causes of action, all of the persons entitled to recover damages under N.C.G.S. § 28A–18–2 may also recover damages not delineated in the Wrongful Death Act pursuant to a survivor's action.

Parties

3.

Plaintiff Nicole Burgueno is of the full age of majority and was appointed administrator of the estate of Brett Burgueno, a citizen of the state of Louisiana, on April 29, 2021 in the Superior Court of Haywood County, North Carolina. Burgueno is the proper party to bring this action pursuant to the Wrongful Death Act, N.C.G.S. § 28A–18–2, and she brings this action on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2 and the intestate succession statutes of North Carolina, N.C.G.S. § 29–1, et seq.

4.

Plaintiff Shannon Butler is of the full age and majority and was appointed administrator of the estate of Curtis Butler, a citizen of the state of Louisiana, on August 13, 2021 in Superior Court, Haywood County, North Carolina. Butler is the proper party to bring this action pursuant to the Wrongful Death Act, N.C.G.S. § 28A-18–2, and she brings this action on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2 and the intestate succession statutes of North Carolina, N.C.G.S. § 29–1, et seq.

5.

Defendant Industrial Services Group, Inc. d/b/a Universal Blastco ("Universal Blastco") is a South Carolina corporation with its principal place of business in South Carolina, and upon whom service of process may be made through Corporation Service Company, 2626 Glenwood Ave., Suite 550 Raleigh, NC 27608.

6.

Defendant Blue Ridge Paper Products, LLC d/b/a Evergreen Packaging ("Blue Ridge") is a Delaware limited liability company conducting business in North Carolina and upon whom service of process may be made through Corporation Service Company, 2626 Glenwood Ave., Suite 550 Raleigh, NC 27608.

7.

Upon information and belief, Blue Ridge's sole member is Blue Ridge Holding, LLC, whose sole member is Evergreen Packaging LLC, whose sole member is Pactiv Evergreen Group Holdings, Inc., a Delaware corporation with its principal place of business in Illinois.

8.

Defendants are liable individually, jointly and severally unto the complainants in an amount reasonable in the premises, plus all costs of these proceedings, with interest from the date of judicial demand.

Jurisdiction and Venue

9.

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 since the matter in controversy exceeds the sum of $75,000.00 and plaintiffs are citizens of a state other than that of any and all defendants. Specifically, both Plaintiffs are citizens of

3

Louisiana pursuant to 28 U.S.C. § 1332(c)(2), while Universal Blastco is a citizen of South Carolina and Blue Ridge is a citizen of Delaware and Illinois.

10.

The U.S. District Court for the Western District of North Carolina has personal jurisdiction over the Defendants because the claims asserted in this complaint arise from the Defendants' acts and omissions occurring in the Western District of North Carolina.

11.

Venue is proper in the Western District of North Carolina under 28 U. S. C. § 1391(b)(2), since the events and omissions giving rise to the Plaintiffs' claims occurred in the Western District of North Carolina.

Facts

12.

On September 21, 2020, employees of Universal Blastco were using a heat gun to warm a highly flammable epoxy vinyl resin in order to more easily install fiberglass matting to the interior of the D2 upflow tower located in Blue Ridge's mill in Canton, North Carolina when the unsecured heat gun fell into a bucket of resin, resulting in an out-of-control fire that traveled rapidly from the upflow tower, over a top crossover, and into the connected D2 downflow tower where two employees of Rimcor, LLC, Brett Burgueno and Curtis Butler, were working upon scaffolding high within that tower, sandblasting its interior. Both Burgueno and Butler were killed in the fire, sustaining various and severe blunt force injuries and extensive smoke inhalation in what obviously constituted a tragic, fearful, and terribly painful death. While the Universal Blastco employees' use of a heat gun in the presence of a flammable liquid with a flashpoint of 79°F triggered this tragic fire and was a proximate cause of the loss of life, Blue Ridge failed to

4

adequately monitor and coordinate its contractors during these maintenance projects at the Canton mill, to the extent that the actions of Universal Blastco's employees gravely endangered Rimcor's employees, who were working simultaneously in the same confined space.

Claims for Relief Against Universal Blastco

13.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

14.

During all pertinent times, Universal Blastco owed a duty of care to Brett Burgueno and Curtis Butler to act properly and safely in applying fiberglass to the interior of the D2 upflow tower.

15.

Universal Blastco negligently, recklessly, or intentionally breached its duty of due care toward Mr. Burgueno and Mr. Butler by:

A) Failing to undertake appropriate protective measures, training, instructions, warnings, and monitoring to prevent foreseeable injury or death to individuals occupying the same confined space or adjacent space as its own employees who were tasked with applying, reapplying, repairing, or maintaining the interior surface of the D2 upflow tower;

B) Using open flames or other sources of ignition in the immediate vicinity of Category 3 flammable liquids endangering all occupants of the confined space in contiguous spaces making up the D2 upflow and downflow towers and crossover;

C) Using a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79° F, while installing fiberglass matting to the interior of the

D2 upflow tower and endangering all of the occupants of the confined space making up the D2 upflow tower and the D2 downflow tower;

D) Allowing the unsecured heat gun to fall into a bucket of Derakane resin that resulted in a foreseeable and uncontrollable fire that killed Brett Burgueno and Curtis Butler;

E) Dispensing into five-gallon plastic buckets the highly flammable Derakane 510N epoxy vinyl ester resin despite the high likelihood of fire and the buckets' propensity to melt;

F) Improper grounding;

G) Lack of continuous and proper air monitoring at the D2 upflow tower;

H) Failing to be aware of the presence of workers of another contractor working simultaneously within the same or adjacent confined space when installing, applying, reapplying, repairing, or maintaining the fiberglass matting on the interior surface of the D2 upflow tower;

I) Failing to be aware of the particular risks the occupants of the D2 upflow tower created with its employees' simultaneous use of a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79° F while installing fiberglass matting to the interior of the upflow tower;

J) Failing to adequately assess the risk of harm;

K) Failing to have hot work permits while using a heat gun in the presence of flammable liquids;

L) Being unaware of the volatile chemical hazards within the confined space in which its employees were working;

M) Failing to ensure adequate fire prevention measures both before and during the outbreak of the abovementioned fire;

6

N) Failure to take precautionary measures to protect its own employees and employees of others in the workplace in normal operating conditions and in foreseeable emergencies.

O) Failure to properly and adequately communicate when circumstances demanded it; and

P) Failure to properly respond to a fire of its own making.

16.

Universal Blastco's abovementioned acts and omissions were a legal and proximate cause of the deaths of Mr. Burgueno and Mr. Butler. Universal Blastco is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of its negligent, grossly negligent, and willful and wanton conduct.

Negligence Per Se

17.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.
.

18.

In addition to its duties to Brett Burgueno and Curtis Butler under the common law, Universal Blastco was also subject to certain regulatory and statutory duties, including but not limited to requirements imposed by the Occupational Safety and Health Act, 29 U. S. C. § 1, et seq., as well as other state and federal regulations.

19.

Universal Blastco is liable for negligence per se for violation of statutory and regulatory duties. Universal Blastco's violations of relevant regulations and statutes support a finding that Universal Blastco violated its duty of due care and was negligent under the facts and circumstances herein.

7

20.

Universal Blastco's acts and omissions in violation of relevant regulations and statutes were a legal and proximate cause of the deaths of Mr. Burgueno and Mr. Butler.

21.

Universal Blastco is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of its negligence per se herein.

Gross Negligence and Willful and Wanton and Reckless Conduct

22.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

23.

Universal Blastco consciously and intentionally disregarded and was indifferent to the rights and safety of Brett Burgueno and Curtis Butler when used an open flame or other source of ignition, namely an unsecured heat gun, to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79° F while installing a fiberglass mat to the interior of the D2 upflow tower at Blue Ridge's Canton mill. Universal Blastco knew or should have known that such actions presented an unreasonable risk of danger that was likely to result in injury, death or other harm.

24.

The officers and directors of Universal Blastco participated in or condoned the above-described willful and wanton conduct.

25.

For years prior, Universal Blastco had contracted with Blue Ridge to perform the maintenance task of applying the fiberglass in the D2 upflow tower, and use of the heat gun, though

8

prohibited by applicable regulations, had become a standard practice, particularly in cooler weather, in order to heat the resin to make the application of the fiberglass easier.

Claims for Relief Against Blue Ridge

26.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

27.

During all pertinent times, Blue Ridge owed a duty of care to Brett Burgueno and Curtis Butler to act properly and safely in its business of coordinating multiple contractors performing mill maintenance in the vicinity of the D2 upflow and downflow tower.

28.

Blue Ridge negligently, recklessly, or intentionally breached its duty of care toward Mr. Burgueno and Mr. Butler by:

A) Failing to undertake appropriate protective measures, training, instructions, warnings, and monitoring to prevent foreseeable injury or death to individuals occupying the same confined space or adjacent space while employed by different contractors engaged in different tasks.

B) Condoning the use of open flames or other sources of ignition in the immediate vicinity of Category 3 flammable liquids, thereby endangering all occupants of the confined spaces making up the D2 upflow and downflow towers and crossover.

C) Condoning use of a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid, with a flashpoint of 79° F, in the course of an installation of a fiberglass mat in the interior of the D2 upflow tower.

D) Condoning the use of an unsecured heat gun under the aforementioned circumstances;

9

E) Failure to adequately insure against the harm occasioned and sued upon, despite the foreseeable nature of the fire;

F) Failure to warn;

G) Failure to inform and safely coordinate two sets of contractors' employees working within the same confined space;

H) Failure to provide adequate fire control measures in the event of a fire of the nature described herein;

I) Underestimating the risk of harm;

J) Ignoring alerts and warnings from others directly made to Blue Ridge regarding the unsafe practices of Universal Blastco, including use of a heat gun and perilous conduct using highly flammable materials;

K) Failure to properly monitor the acts and omissions of contractors working in its plant;

L) Failure to enforce OSHA regulations on its premises;

M) Failure to train its own employees to adequately monitor and instruct contractors regarding safe practices;

N) Failure to take action to enforce hot work permit requirements violated by Universal Blastco; and

O) Failure to have in place adequate escape routes from the confined space of D2 upflow and downflow towers in the event of fire.

29.

Blue Ridge's abovementioned relevant acts and omissions were a legal and proximate cause of the deaths of Mr. Burgueno and Mr. Butler.

30.

Blue Ridge is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of their negligent, grossly negligent, and willful and wanton conduct herein.

Blue Ridge's Gross Negligent and Willful and Wanton Reckless Conduct

31.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

32.

Blue Ridge consciously and intentionally disregarded and was indifferent to the rights and safety of Brett Burgueno and Curtis Butler when it knowingly allowed Universal Blastco to engage in extremely hazardous conduct which presented a danger that was reasonably likely to result in injury, death or other harm, including, without limitation, Universal Blastco's decision to use an unsecured heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79° F, while installing a fiberglass mat to the interior of Blue Ridge's D2 upflow tower at the Canton mill. Blue Ridge chose to take no preventive or interventional action despite the obvious and unreasonable danger that such conduct created, despite the fact that Universal Blastco's actions were in clear violation of OSHA regulations, and despite the likelihood of fire, such as the fire that occurred and resulted in the foreseeable and preventable deaths of the occupants of the downflow tower, all of which Blue Ridge knew or should have known.

33.

The officers, directors and managers of Blue Ridge participated in or condoned the above-described willful and wanton conduct, as well as the willful and wanton conduct of Universal Blastco's employees.

11

Damages of Burgueno

34.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

35.

Plaintiff, Nicole Burgueno, as the administrator and personal representative of the estate of the decedent Brett Burgueno, on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2, pleads for all damages available under the North Carolina Wrongful Death Act, including but not limited to:

A) Compensation for pain and suffering of the decedent Burgueno;

B) Reasonable funeral expenses of the decedent Burgueno;

C) The present monetary value of the decedent Brett Burgueno to any and all persons entitled to receive the damages recovered;

D) Compensation for the loss of the reasonably expected net income of the decedent Brett Burgueno;

E) Compensation for the loss of the reasonably expected society, companionship, comfort, guidance, kindly offices, and advice of the decedent Burgueno;

F) Such punitive damages as the decedent Burgueno could have recovered pursuant to N.C.G.S. Chapter 1D had the decedent survived and punitive damages for wrongfully causing the death of the decedent Brett Burgueno through malice or willful or wanton conduct, as defined in N.C.G.S. § 1D–5.

36.

To the extent the following damages are outside the contemplation of the North Carolina Wrongful Death Act, N.C.G.S. § 28A–18–1, et seq., plaintiff Nicole Burgueno, as the

12

administrator of the estate and personal representative of the decedent Brett Burgueno, asserts the following damages were additionally sustained:

    A)    Decedent Brett Burgueno's mental anguish and emotional distress; and

    B)    Decedent Brett Burgueno's fear and fright.

Damages of Butler

37.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

38.

Plaintiff, Shannon Butler, as the administrator and personal representative of the estate of the decedent Curtis Butler, on behalf of all persons entitled to recover damages under N.C.G.S. § 28A–18–2, pleads for all damages available under the North Carolina Wrongful Death Act, including but not limited to:

A) Compensation for pain-and-suffering of the decedent Butler;

B) Reasonable funeral expenses of the decedent Butler;

C) The present monetary value of the decedent Butler to any and all persons entitled to receive the damages recovered;

D) Compensation for the loss of the reasonably expected net income of the decedent Brett Butler;

E) Compensation for the loss of the reasonably expected society, companionship, comfort, guidance, kindly offices, and advice of the decedent Butler;

F) Such punitive damages as the decedent Butler could have recovered pursuant to N.C.G.S. Chapter 1D had the decedent survived and punitive damages for wrongfully causing the

death of the decedent Butler through malice or willful or wanton conduct, as defined in N.C.G.S. § 1D–5.

39

To the extent the following damages are outside the contemplation of the North Carolina Wrongful Death Act, N.C.G.S.§ 28A–18–1, et seq., plaintiff Shannon Butler, as the administrator of the estate and personal representative of the decedent Curtis Butler, asserts the following damages were additionally sustained:

A) Decedent Curtis Butler's mental anguish and emotional distress; and

B) Decedent Curtis Butler's fear and fright.

Jury Trial Demand

40.

Plaintiffs request a trial by jury of all claims and causes of action that are so triable.

Prayer for Relief

WHEREFORE, plaintiffs, Nicole Burgueno and Shannon Butler, pray that the Court enter its judgment finding and ordering as follows:

A) That this complaint be deemed good and sufficient and filed in the record;

B) This matter be found in favor of plaintiffs and judgment be held against the defendants individually, jointly and severally;

C) Awarding plaintiffs all actual and compensatory damages to which plaintiffs are entitled by law from the deaths of the decedents, Brett Burgueno and Curtis Butler;

D) Awarding the plaintiffs punitive damages;

E) Awarding any costs, fees, expenses, and pre-judgment and post-judgment interest, as may be allowable by law; and

F)  Awarding such other and further relief as this court may deem just and proper.

This the 12th day of September, 2022.

/s/Jeffrey L. Oakes
Jeffrey L. Oakes (N.C. Bar No. 24448)
Brice Jones and Associates, LLC
61025 Highway 1091
Slidell, Louisiana 70458
Tel: (985) 643-2413
jeffrey@bricejoneslaw.net