IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00196-MOC-WCM

| | |
|---|---|
| **NICOLE BURGUENO** *as Administrator of the Estate of* Brett Burgueno; and **SHANNON BUTLER** *as Administrator of the Estate of* Curtis Butler<br><br>Plaintiffs,<br>v.<br><br>**INDUSTRIAL SERVICES GROUP, INC.** *doing business as* Universal Blastco; and **BLUE RIDGE PAPER PRODUCTS LLC** *doing business as* Evergreen Packaging<br><br>Defendants. | ORDER |

This matter is before the Court on a Motion for Conditional Intervention (the "Motion to Intervene, Doc. 10) filed by Berkshire Hathaway Homestate Insurance Company ("Berkshire").

I.     Relevant Background

On September 12, 2022, Plaintiffs filed their Complaint naming Industrial Services Group, Inc. doing business as Universal Blastco ("Universal Blastco") and Blue Ridge Paper Products LLC doing business as

1

Evergreen Packaging ("Evergreen") as defendants. Doc. 1. The Complaint asserts claims relative to the deaths of Brett Burgueno ("Burgueno") and Curtis Butler ("Butler"), which occurred on September 21, 2020 during a fire at Evergreen's mill in Canton, North Carolina. Plaintiffs allege that Burgueno and Butler (collectively, "Decedents") were employed by Rimcor, LLC ("Rimcor") at the time of their deaths. Doc. 1 at 4.

Berkshire asserts that at the time of the incident, it was the workers' compensation insurer for Rimcor, and that Decedents were "subject to the provisions of the Louisiana Worker's Compensation Act." Doc. 10-1 at 1. Berkshire additionally asserts that it has paid burial and death benefits on behalf of Decedents such that it is subrogated to the rights of Plaintiffs and is "entitled to a dollar-for-dollar credit for past and future payments made on behalf of Decedents herein against any payments in settlement or judgment made by Defendants to Plaintiffs herein." Doc. 10-1 at 3. Berkshire has also submitted a "Certificate of No Opposition," which states that no party opposes "the filing of the instant motion,"[1] though all parties "have reserved their right to respond to or otherwise oppose statements of fact and other claims on the merits in Intervenor's Complaint-in-Intervention." Doc. 10 at 3.

---

[1] The undersigned interprets this statement to mean that the existing parties do not object to the relief sought by the Motion to Intervene.

## II. Legal Standard

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that on "timely motion" the court must permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

## III. Discussion

Here, Berkshire's request to intervene is timely. As noted above, Plaintiffs filed suit on September 12, 2022. Doc. 1. Further, neither Universal Blastco nor Evergreen have responded to Plaintiffs' Complaint, and their time to do so has not expired.

Additionally, Berkshire's assertion regarding its subrogation interest under the Louisiana Worker's Compensation statute is sufficient to support intervention. See Chevalier v. Reliance Ins. Co. of Illinois, 953 F.2d 877, 883 (5th Cir. 1992); Williams v. Brand Energy & Infrastructure Services, Inc., No. 16-120-SDD-EWD, 2016 WL 10517959 (M.D.L.A. July 15, 2016) (collecting cases in which workers' compensation insurers who have paid workers' compensation benefits were determined to be intervenors of right); see also Allstate Indem. Co. v. Knighten, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997); Wichnoski v. Piedmont Fire Protection Systems, LLC, 251 N.C.App. 385

(2016); N.C.G.S. §97-10.2(g).

Finally, Berkshire's intervention would not destroy this Court's subject matter jurisdiction. In the Complaint, Plaintiffs allege that they are citizens of Louisiana, that Universal Blastco is a citizen of South Carolina, and that Evergreen is a citizen of Delaware and Illinois such that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at ¶¶ 3-7; 9. Berkshire contends that it is a foreign insurer incorporated under the laws of the state of Nebraska, with its principal place of business in Omaha, Nebraska. Doc. 10-1 at 4. Therefore, this Court may exercise supplemental jurisdiction over Berkshire's claims. See 28 U.S.C. § 1367(b).

The undersigned notes, though, that Berkshire has not submitted a proposed complaint in intervention. Such a pleading is required by Rule 24. See also Doc. 9 (citing F.R.C.P. 24(c)).

Under these circumstances, the undersigned has considered whether to deny the Motion to Intervene. However, in the exercise of discretion, and considering that there is no opposition from the existing parties, the Motion to Intervene will be allowed.

**IT IS THEREFORE ORDERED** that the Motion for Conditional Intervention (Doc. 10) is **GRANTED**. Berkshire Hathaway Homestate Insurance Company **SHALL FILE** its complaint in intervention on or before **November 10, 2022**.

Signed: November 3, 2022

W. Carleton Metcalf
United States Magistrate Judge