IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00196-MOC-WCM

| | |
|---|---|
| NICOLE BURGUENO )<br>*as Administrator of the Estate of* )<br>Brett Burgueno; and )<br>**SHANNON BUTLER** )<br>*as Administrator of the Estate of* )<br>Curtis Butler )<br> )<br> Plaintiffs, )<br> )<br>BERKSHIRE HATHAWAY )<br>HOMESTATE )<br>INSURANCE COMPANY )<br> )<br> Intervenor-Plaintiff )<br>v. )<br> )<br>**INDUSTRIAL SERVICES** )<br>**GROUP, INC.** )<br>*doing business as* )<br>Universal Blastco; and )<br>**BLUE RIDGE PAPER** )<br>**PRODUCTS LLC** )<br>*doing business as* )<br>Evergreen Packaging )<br> )<br> Defendants. )<br>_____ ) | ORDER |

This matter is before the Court on the following motions:

1. "Motion for Partial Dismissal of Complaint-In-Intervention as to the Estate of Curtis Butler with Prejudice & Motion for Extension of Settlement Deadline" filed by Berkshire Hathaway Homestate

1

Insurance Company ("Berkshire's Motion for Partial Dismissal/Extension of Settlement Deadline," Doc. 30);

2. "Motion for Extension of Time for Defendant Blue Ridge Paper Products LLC d/b/a Evergreen Packaging to Respond to Berkshire Hathaway Homestate Insurance Company's Complaint-In-Intervention" ("Blue Ridge Paper's Motion for Extension of Time," Doc. 32); and

3. "Defendant Industrial Services Group Inc. d/b/a Universal Blastco's Motion for Extension of Time to Respond to Berkshire Hathaway Homestate Insurance Company's Complaint-in-Intervention" ("Industrial Services' Motion for Extension of Time," Doc. 34).

I. Background

On September 12, 2022, Nicole Burgueno, as the administrator of the Estate of Brett Burgueno (the "Estate of Burgueno"), and Shannon Butler, as the administrator of the Estate of Curtis Butler (the "Estate of Butler")[1] (collectively "Plaintiffs") filed their complaint in this matter against Industrial Services Group, Inc., d/b/a Universal Blastco ("Industrial Services"), and Blue Ridge Paper Products, LLC d/b/a Evergreen Packaging ("Blue Ridge Paper") (collectively "Defendants"). Doc. 1.

---

[1] Scott M. Anderson subsequently filed a Notice of Appearance on behalf of "the heir, Nelda Trottier, beneficiary of the Estate of Curtis Butler." Doc. 27.

2

On November 3, 2022, the Court granted a Motion for Conditional Intervention by Berkshire Hathaway Homestate Insurance Company ("Berkshire"). Doc. 11. Berkshire filed its Complaint-in-Intervention on November 4, 2022. Doc. 13.

Plaintiffs have answered Berkshire's Complaint-in-Intervention. Doc. 24. No other answers (either to Plaintiffs' Complaint or Berkshire's Complaint-in-Intervention) have been filed.

On December 5, 2022, Defendants filed a joint motion for extension of time to respond to Plaintiffs' Complaint. Doc. 25. That motion stated that the parties had conducted mediation during the week of November 28, 2022 and had entered into a binding and enforceable settlement agreement, but that additional time was needed to carry out the settlement terms. Defendants requested a further extension of their deadline to respond to Plaintiffs' Complaint through and including January 4, 2023, though they also stated that they anticipated filing a closing document within 45 days. Doc. 25. Defendants' request was allowed and their deadline to respond to Plaintiffs' Complaint was extended through and including January 19, 2023. Additionally, the parties were allowed through and including January 19, 2023 to file a stipulation of dismissal or other appropriate closing document.

On December 28, 2022, Defendants requested additional time to respond to Berkshire's Complaint-in-Intervention. That motion also stated that the

parties had conducted mediation during the week of November 28, 2022, had reached a settlement, and that additional time was needed to finalize the settlement. Doc. 28. Defendants' request was granted the following day and the deadline for them to answer or otherwise respond to Berkshire's Complaint-in-Intervention was extended to and including January 27, 2023. The Court also extended the deadline for the parties to file a joint stipulation of dismissal or other appropriate closing document until the same date.

On January 5, 2023, Plaintiffs and Defendants filed a stipulation by which they stipulated to a dismissal with prejudice of all claims that had been or could have been asserted against Defendants (the "Stipulation," Doc. 29).

## II. The Pending Motions

On January 27, 2023, Berkshire filed the Motion for Partial Dismissal/Extension of Settlement Deadline, in which it states that beginning on November 28, 2022, the parties, including Berkshire, participated in mediation which resulted in a total settlement of all claims, including worker's compensation subrogation liens by Berkshire. Berkshire notes, however, that the Stipulation, which was filed by Plaintiffs and Defendants, did not address Berkshire's intervention. Berkshire states that its lien against the proceeds of the settlement with the Estate of Butler has been finalized, but that the lien against the proceeds of the settlement with the Estate of Burgueno requires approval of the Louisiana Office of Workers' Compensation Administration and

4

has not been approved. Berkshire further states that it wishes to dismiss its claim against the Estate of Butler and to obtain an extension of the deadline, to and including February 27, 2023, to file closing documents with respect to its settlement with the Estate of Burgueno.

Defendants consent to the reopening of the case for the limited purpose stated by Berkshire,[2] to Berkshire's request for an order of dismissal with prejudice concerning Berkshire's claims as to the Estate of Butler, and to Berkshire's request for an extension of time for Berkshire to file closing documents as to the claims involving the Estate of Burgueno. Docs. 31, 33.

Additionally, to the extent the Stipulation did not terminate Berkshire's claims against them, both Defendants request an extension of time to respond to Berkshire's Complaint-in-Intervention. Docs. 32, 34. Blue Ridge Paper's Motion for Extension states that Berkshire and the Estate of Butler consent to the requested extension but that the Estate of Burgueno has not made its position known; Industrial Services' Motion for Extension indicates that no parties have objected to the requested extension.

---

[2] The case was closed by the Clerk on January 6, 2023 in light of the filing of the Stipulation. Following the filing of Berkshire's motion, the case was reopened on January 31, 2023.

III. Discussion

An initial question presented is whether, or to what extent, the Stipulation was effective. None of the parties have submitted written arguments addressing this issue.

Pursuant to Rule 41(a)(1)(A)(ii) of the Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."

Here, the Stipulation was made by Plaintiffs and Defendants, and was executed by their attorneys. However, the Stipulation did not reference Berkshire, nor was it executed by Berkshire's counsel, even though Berkshire was a party to the litigation when the Stipulation was filed on January 5, 2023. The undersigned also notes that "the heir, Nelda Trottier, beneficiary of the Estate of Curtis Butler" has appeared through counsel, though she has not expressly attempted to assert claims against any party.

Consequently, the effectiveness of the Stipulation is in doubt. See Forest Serv. Emps. For Env't Ethics v. U.S. Forest Serv., No. CIV.A.08-323, 2009 WL 1324154, at *2 (W.D. Pa. May 12, 2009) (finding stipulation of dismissal ineffective because stipulation was signed by plaintiff and defendant, but not intervenor-defendant, as required pursuant to Rule 41(a)(1)(A)(ii) (citing Wheeler v. American Home Prods. Corp., 582 F.2d 891, 896 (5th Cir.1977)); see also S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.,

6

No. 11 CIV. 6500 RA, 2014 WL 2158507, at *3 (S.D.N.Y. May 23, 2014); accord Dalglish v. Eldredge Lumber & Hardware, Inc., No. 2:20-CV-00231-JDL, 2021 WL 5567423, at *1 (D. Me. Nov. 29, 2021) ("A stipulated dismissal signed by the parties is effective upon filing even when a motion to intervene is pending because 'the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted.'") (citations omitted).

However, the record indicates that the parties have resolved all claims, and have finalized the settlement of those claims, with the exception of Berkshire's subrogation claim against the Estate of Burgueno.

Having reviewed the pending motions and the court file, the undersigned concludes that, in order to clarify the record and to do so in a way that is most efficient both for the parties and the Court, the pending motions should be allowed in part, the parties should be given additional time to complete the resolution of the remaining subrogation claim involving the Estate of Burgueno, the deadline for Defendants to answer Berkshire's Complaint-in-Intervention should be extended, and a deadline should be established for the parties to submit a global stipulation or other closing document (i.e., a stipulation signed by all parties who have appeared in this action).

**IT IS THEREFORE ORDERED THAT** the "Motion for Partial Dismissal of Complaint-In-Intervention as to the Estate of Curtis Butler with Prejudice & Motion for Extension of Settlement Deadline" (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**,[3] the "Motion for Extension of Time for Defendant Blue Ridge Paper Products LLC D/B/A Evergreen Packaging to Respond to Berkshire Hathaway Homestate Insurance Company's Complaint-In-Intervention" (Doc. 32) is **GRANTED**, and "Defendant Industrial Services Group Inc. d/b/a Universal Blastco's Motion for Extension of Time to Respond to Berkshire Hathaway Homestate Insurance Company's Complaint-in-Intervention" (Doc. 34) is **GRANTED** as follows:

1. The deadline for Blue Ridge Paper and Industrial Services to answer or otherwise respond to Berkshire's Complaint-in-Intervention is **EXTENDED** to and including **March 2, 2023**.

2. On or before **March 2, 2023**, the parties are **DIRECTED TO FILE** a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii), or other appropriate closing document, with respect to any and all claims that are to be dismissed as a result of the parties' settlement agreement(s), including Plaintiffs' claims, Berkshire's

---

[3] To the extent that Berkshire's request for dismissal of its claim against the Estate of Butler is being denied, it is on procedural grounds only and for the purpose of clarifying the record, as stated. This Order is in no way intended to address the substance or merits of any claim by any party.

subrogation claims regarding the Estate of Butler, and Berkshire's subrogation claims regarding the Estate of Burgueno.

Signed: February 7, 2023

W. Carleton Metcalf
United States Magistrate Judge